# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **HOWARD MACK HARRIS**<br>    **FED. REG # 07837-033** | **CIVIL ACTION NO. 2:11-cv-0897** |
| **VS.** | **SECTION P** |
| | **JUDGE WALTER** |
| **UNITED STATES COURTS, ET AL.** | **MAGISTRATE JUDGE HANNA** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Howard Mack Harris, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) on June 9, 2011.[1]  Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the Federal Correctional Institute, El Reno, Oklahoma.  Plaintiff sues Judge Minaldi, Magistrate Judge Kay, Assistant United States Attorney Namie, and, Attorney General Eric Holder. He  seeks money damages of $5,575,573.23. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous, for failing to state a claim for which relief may be granted, and for seeking money damages from defendants who are immune from suit.

---

[1] Section 1983 does not apply to federal employees and agents;  since plaintiff has named the United States Courts, United States District Judge Patricia Minaldi, United States Magistrate Judge Kathleen Kay, Assistant United States Attorney Myers Namie, and United States Attorney General Eric Holder as defendants, his claim should be characterized as arising under *Bivens* which authorizes civil rights suits against federal employees or agents.

### *Background*

Plaintiff is a prisoner in the custody of the BOP.  In June 2002 he was convicted in the United States District Court for the Western District of Kentucky of possession with intent to distribute crack cocaine; thereafter he was sentenced to serve 120 months imprisonment. *See United States v. Howard Harris*, No. 3:01-cr-0048 (W.D. Ky.)

In February 2009, while he was incarcerated at the Federal Correctional Center, Oakdale, Louisiana, he was accused of assaulting, resisting, or impeding  a federal corrections officer. On September 13, 2010 he was found guilty as charged following trial by jury.  On January 6, 2011 he was sentenced by Judge Minaldi to serve 95 months imprisonment, to run consecutive to any undischarged sentences he was serving. His conviction and sentence were affirmed by the Fifth Circuit Court of Appeals in December 2011. *United States v. Howard Harris*, No. 2:09-cr-00120.

On June 9, 2011 he filed a virtually incomprehensible hand-written *pro se* pleading which sought "to file charges of complaint of misconduct of mitigating court room procedures of liberty, due process issues as of the fourteenth amendment." He complained that he "...was badged by Judge of being a black Muslim an §300.02 'conflict of interest' knowing the convicted inmate was the Muslim Islamic Religion due to a civil suit file June 19, 2009 as the facts of not being able to have a fair trial by ways of 'facto' that these two judges cannot overstep the Courtroom boundaries of Jurisprudence within scope of the jurisdictional guidelines..." He alleged that Magistrate Judge Kay and Judge Minaldi are each indebted to him for $1,630,529.73 for "miscarriage of justice;" and that AUSA Namie was indebted to him for $2,304,715.57 because of "criminal activities alleged without DNA analysis..." [Doc. 1]

On November 16, 2011 he filed another incomprehensible hand-written pleading entitled,

"Motion for Junction of Addendum to Federal Civil Law Suit" in which he alleged,  "As of past violations in hearings as well as of document number 18 case number 2:10-cv-00328-JTT-KK due to the fact that Magistrate Judge Kathaleen Kay was sued of a civil lawsuit as well as Judge Patricia Minaldi as of conflict of interest between criminal and civil federal cases in which Judge James T. Trimble fell incohorts with other judges as in Merit of case ... finding due process violation Judges imposed excessively harsh treatment on petitioner in order to hide or to compensate for the fact that he or she was taking bribes to give light sentences in other cases or instances, also as aiding and abetting other or an other government assistant..."

Since his original complaint was not on the form required by Local Rule 3.2, plaintiff was provided the appropriate form and directed to amend his complaint and to utilize the appropriate form. [Doc. 6] On December 14, 2011 he submitted his complaint on the form provided.  The amended complaint, however, offered no clarification of his obtuse and incomprehensible pleadings and instead alleged, "Due as in the fourteenth amendment federal and state due process to be paid in full amount as plaintiff said an filed these Judges need to be medical retired an sued for damages of compesative emotional distress, punitive, injunctive relief damages. As ex post facto §300.02 Conflict of Interest of CFR 28 Title USC Case Law. Inchalla inchalla. Patricia Minaldi, Kathaleen Kay, Myres Namie violated my court room Constitutional rights ... compensative punitive damages an Turner factors of substantialities." [Doc. 7, ¶IV] With regard to the relief sought in this pleading, plaintiff stated, "As in 'Fruits of the Poisionious Tree' to award civil complaint plaintiff's case merit in 'light' of investigation civil mitigation statues of fourteenth amendment Constitution Right of Congress." [Doc. 7, ¶V]

3

***Law and Analysis***

*1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to *Bivens*, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.§§ 1915 and 1915A.

A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

Nevertheless, in order to be afforded the benefits of this assumption a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1950,  173 L.Ed.2d 868 (2009) (A court should begin its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."); see also *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995).

A district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97. The law

4

accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir.1995); *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *Denton v. Herndandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Plaintiff's pleadings allege NO facts and are clearly fanciful, fantastic, and delusional. Plaintiff has submitted three virtually incomprehensible pleadings; further amendment would serve no useful purpose.

### 2. Judicial Immunity

Plaintiff has sued Magistrate Judge Kay and Judge Minaldi apparently because he is dissatisfied with rulings they made either in his criminal case, or in a prior civil action that was also filed in the Lake Charles Division.

It is well settled that "[j]udicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial discretion." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994); see also *Krueger v. Reimer*, 66 F.3d 75, 76-77 (5th Cir.1995) (*per curiam*); *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir.1993), abrogated on other grounds by *Arvie v. Broussard*, 42 F.3d 249 (5th Cir.1994). "A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 349, 359, 98 S.Ct. 1099, 1106, 55 L.Ed.2d 331 (1978);

*Brandley v. Keeshan*, 64 F.3d 196, 200-201 (5th Cir.1995), *cert. denied*, 516 U.S. 1129 (1996). Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Id.* at 10, 112 S.Ct. 286 (citation omitted).  Judicial immunity is a matter of policy and is  necessary because a judge  "... should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption [and] [i]mposing such a burden on judges would contribute not to principled and fearless decision making but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).  Consequently, judicial immunity cannot be overcome even by allegations of bad faith or malice; such immunity " applies even when the judge is accused of acting maliciously and corruptly." *Id.* at 11, 112 S.Ct. 286 (internal quotation marks and citation omitted). In determining whether a judge is entitled to immunity, "[i]t is the Judge's actions alone, not intent, that we must consider." *Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir.1993).

Judicial immunity can only be defeated by showing that the judge's actions were of a non-judicial nature or that he acted in the complete absence of jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).

In determining whether the complained of actions were non-judicial in nature, that is to say, whether the judge acted outside the scope of his judicial capacity, the court should consider a variety of factors:  (1) whether the precise act complained of is a normal judicial function; (2) whether the

acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers;  (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.  *Malina*, 994 F.2d at 1124 (citation omitted). <u>These factors must be broadly construed in favor of immunity.</u> *Id.* (emphasis supplied).

Courts use the "functional" approach in deciding whether an act is judicial for purposes of immunity. *Cleavinger v. Saxner*, 474 U.S. 193, 201-02, 106 S.Ct. 496, 88 L.Ed.2d 507 (1985). The issue of "immunity analysis rests on the status of the defendant. Absolute immunity flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the individual official." *Id.* In deciding whether absolute judicial immunity applies, a court should consider <u>the nature of the act taken</u>, namely whether it is a function normally performed by a judge, <u>and the expectations of the parties</u>, namely whether they dealt with the judge in his judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978) (emphasis supplied).

Plaintiff seeks money damages from a United States Magistrate Judge and a United States District Judge, presumably for actions they took with regards to his civil action or criminal prosecution. Both defendants are immune from suit, however, and dismissal on that basis is recommended.

### *3. Prosecutorial Immunity*

Plaintiff has also sued an Assistant United States Attorney and the Attorney General of the United States.  Prosecutors enjoy absolute immunity from claims for damages for actions taken in the presentation of the government's case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir.1993).  As the Supreme court reaffirmed: "[A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the

State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial ...." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993).

Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318 n. 9; see also *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir.1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965, 112 S.Ct. 2323, 119 L.Ed.2d 241 (1992); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (*en banc*) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.")

Plaintiff alleged no facts that would destroy the absolute prosecutorial immunity enjoyed by the Assistant United States Attorney or the Attorney General, and plaintiff's  claims against both prosecutors should also be dismissed with prejudice.

### *Recommendation*

Accordingly**,**

**IT IS RECOMMENDED**  that plaintiff's Civil Rights Complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted and for naming defendants immune from suit, all in accordance with the provisions of 28 U.S.C. §§ 1915(d)(2)(b) and 1915A(b)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

In Chambers at Lafayette, Louisiana, December 22,  2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)